IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00071–MSK–KMT

AZFAR J. ANWAR,

    Plaintiff,

v.

PROBATION DEPARTMENT, 17th Judicial District,
BOULDER COUNTY COURT, 22nd Division, and
BOULDER COUNTY PROBATION DEPT.,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    Plaintiff filed his Complaint on January 15, 2009, asserting claims that Defendants violated his rights under the Americans with Disabilities Act ("ADA").[1]  (Compl., Doc. No. 1.) This matter is before the court on Defendants' "Motion to Dismiss" filed March 30, 2009. (Mot., Doc. No. 16.)  Plaintiff did not file a response.  This matter is ripe for review and recommendation.

---

[1] Plaintiff did not reference the ADA in his Complaint.  Because he is proceeding *pro se*, however, the court has reviewed his Complaint to determine whether it contains a claim that might be cognizable under the ADA.

**STATEMENT OF THE CASE**

The court agrees with Defendants that Plaintiff's Complaint is exceptionally difficult to interpret. Plaintiff states he was charged and convicted of crimes in Boulder County and is being monitored on an Intensive Supervision Program ("I.S.P") by Defendants. (Compl. at 1.) Plaintiff states he is "severely disabled and suffers from numerous neurological and structural injuries . . . stemming from a Traumatic Brain Injury. . . ." (*Id.* at 2.) Plaintiff asserts claims against the 17th Judicial District Probation Department (hereinafter "Adams County Probation Department"), the Boulder County Court, and the Boulder County Probation Department. (*See id.*) Plaintiff seeks "monetary compensation & possible disbarment, along with appropriate handicap device installment." (*Id.* at 12.)

Defendants move for dismissal on the bases that (1) Plaintiff has failed to demonstrate that he is impaired or that his alleged physical limitations constitute a disability under the ADA, and (2) Plaintiff is not facing discrimination because of his alleged disability. (Mot.)

**STANDARD OF REVIEW**

*1.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments." *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

**ANALYSIS**

*1.     Discrimination Claims*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2009).[2] To establish a *prima facie* violation of Title II of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007). The ADA addresses three broad categories of discrimination: disparate treatment, disparate impact, and a failure to provide a reasonable accommodation. *See Davidson v. America Online, Inc.*, 337 F.3d 1179, 1188–89 (10th Cir. 2003). The ADA also prohibits, in relevant part, discriminatory effects of transportation barriers, failures to make modifications to existing

---

[2]Title II of the ADA is modeled on the Rehabilitation Act, and decisional law on the Rehabilitation Act may be relied upon interchangeably in examining claims under the ADA. *See Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 4 (1st Cir. 2000). The Rehabilitation Act commands that no otherwise qualified individual with a disability shall, solely by reason of his disability, "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Although Defendants refer to the Rehabilitation Act in their motion, Plaintiff does not allege that Defendant receives federal assistance in his Complaint, nor is there any evidence regarding Defendants' receipt of federal financial assistance. Therefore, the court will address Plaintiff's discrimination claims only under the ADA, although the same analysis would apply to both claims.

facilities and practices, and overall relegation to lesser services, programs, activities, benefits, or other opportunities. *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 858 (10th Cir. 2003).

### A.     *Qualified Individual with a Disability*

To satisfy the ADA's definition of disability, a plaintiff must "(1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities." *Berry v. T-Mobile*, 490 F.3d 1211, 1216 (10th Cir. 2007) (emphases added).[3]  Defendants argue that Plaintiff has made only conclusory allegations that he has a disability. Defendants also argue that Plaintiff has failed to show that his physical condition substantially limits one or more of his major life activities or that any particular major life activity is substantially limited.

The defendants rely on precedent addressing a plaintiff's *prima facie* burden on an ADA claim. These cases, however, do not detail what is required of a plaintiff at the pleading stage. In *Bolton v. Scrivner, Inc.*, 36 F.3d 939 (10th Cir. 1994), the Court of Appeals discussed proof of disability in the context of a motion for summary judgment. Likewise, *Doebele v. Spring/United Mgmt. Co.*, 342 F.3d 1117, 1129 (10th Cir. 2003), was decided in the summary judgment

---

[3]On September 25, 2008, the Americans with Disabilities Act Amendments Act ("ADAAA") was enacted, which significantly expands the scope of the term "disability" under the ADA. The ADAAA became effective on January 1, 2009, and Congress did not indicate that it may be applied retrospectively. The Tenth Circuit has not addressed this issue but has noted that other courts have held that the ADAAA does not apply to conduct occurring before its enactment. *See Durham v. McDonald's Restaurants of Okla., Inc.*, No. 08-5134, 2009 WL 1132362, at *1 n.2 (10th Cir. Apr. 28, 2009) (citing cases). This court reaches its conclusions separate and apart from the ADAAA and, therefore, need not determine whether the amendment has retroactive effect.

context. The cases relied on by the defendants do not require Plaintiff, at the pleading stage, to identify a particular life activity affected by his alleged mental impairment or detail the nature of his substantial limitations. Plaintiff identifies an impairment of which the defendants were allegedly aware and alleges that such impairment constitutes a disability. Though Plaintiff must ultimately prove that he is substantially limited in a recognized major life activity to prevail on his ADA claims, at the pleading stage, Plaintiff's allegation regarding disability is sufficient. *See Hughes v. Colo. Dept. of Corrs.*, 594 F. Supp. 2d 1226, 1240 (D. Colo. 2009) (citing *Equal Employment Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001) ("[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading."). Nevertheless, as discussed below, Plaintiff has failed to satisfy the remaining two elements to show a violation under Title II of the ADA.

### B.    *Discrimination by Failure to Provide Reasonable Accommodation*

Rather than making a claim for disparate treatment or disparate impact, Plaintiff appears to be asserting a claim for failure to provide a reasonable accommodation. The ADA requires public entitles to provide disabled individuals "meaningful access" to their programs and services. *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 857 (10th Cir. 2003) (citing *Patton v. TIC United Corp.*, 77 F.3d 1235, 1246 (10th Cir. 1996)). "[T]o assure meaningful access, reasonable accommodations in the [public entity's] program or benefit may have to be made." *Alexander v. Choate*, 469 U.S. 287, 301 (1985). "A public entity cannot know that a modification to its services under the ADA is necessary if it does not first understand that an

individual requires such modification because he is disabled." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d at 1196.  Before a public entity can be required under the ADA to provide a modification necessary to afford an individual an equal opportunity to participate in the entity's services, programs, or activities, the entity must have knowledge that the individual is disabled, either because that disability is obvious or because the individual (or someone else) has informed the entity of the disability." *Id.*  "This is a 'duty [imposed on the individual] dictated by common sense lest a disabled [individual] keep his disability a secret and sue later for failure to accommodate.'" *Id.* (quoting *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996) (latter alteration in original).

### i. *Adams County Probation Department*

In Plaintiff's first claim for relief, Plaintiff asserts two violations occurred multiple times while he was on I.S.P. (*Id.* at 1.)  The first "violation" is directed to Defendant 17th Judicial District Probation Department (hereinafter "Adams County Probation Department") and relates to Plaintiff's legal obligation to enter Defendant's premises, presumably to meet with his probation officer. (*Id.* at 3–4.)  Plaintiff alleges the Adams County Probation Department premises is not adequately equipped with federally-required automatic handicap door opener devices on the building to assist disabled patrons in safely entering and exiting the building. (*Id.* at 3.)  Plaintiff also alleges that "[e]mployees at defendants['] facilities do not assist disabled patrons" but that disabled persons may be, instead, assisted by "convicted felonious individuals whom [sic] may also be mentally unstable . . . ." (*Id.*)  Plaintiff makes conclusory allegations that the lack of handicap door opener devices may "caus[e] harm and endanger[ ] [ ] individuals

who are forced to make injurious attempts to gain entry by way of uncoordinated rudimentary physically handicapped means . . . ." (*Id.* at 4.)

The second "violation" relates to Plaintiff's probation officer requiring Plaintiff to remove his glasses and hat, which Plaintiff refers to as "medical devices." (*Id.* at 5.) Plaintiff contends he is required to wear glasses and a hat to prevent post-traumatic symptoms associated with his traumatic brain injury. (*Id.*) Plaintiff claims his hat "blocks artificial light and aids plaintiff in avoiding photostimulation which is used as a medical device to assist glasses." (*Id.*)

### ii.     *Boulder County Court*

In his second claim for relief, directed at Defendant Boulder County Court, Plaintiff seems to assert that the county court judge, public defender, and district attorney should not have scheduled an early-morning hearing regarding Plaintiff's previous failure to appear at a probation meeting because Plaintiff was confined to a wheelchair. (*Id.* at 7.) He also complains that the judge erroneously issued "an exorbitant 25K bond warrant" even though the judge could see Plaintiff was confined to a wheelchair. (*Id.*) Plaintiff further alleges the district attorney "acted negligently" by blatantly disregarding "the [un]fair representation of a disabled person" by the public defender. (*Id.* at 8.)

### iii.     *Boulder County Probation Department*

In his third claim for relief, directed at the Boulder County Probation Department, Plaintiff asserts that he is unable to attend probation meetings in the mornings because of his severe disabilities. (*Id.* at 11.) Plaintiff also claims that he has been discriminated against "over reporting disability discrimination and civil litigation." (*Id.*)

9

Plaintiff's assertions against the defendants are insufficient to allege an ADA violation because he fails to assert that he asked for modification; how the defendants' alleged failure to address any alleged requests amount to the exclusion or denial of benefits, services, programs, or activities of a public entity under Title II of the ADA; how such requests were related to his disability; or how the denials, if any, were based on his disability. Additionally, Plaintiff has failed to allege he was not provided "meaningful access" to any of the defendants' programs or services. *See Chaffin*, 348 F.3d at 857. Rather, Plaintiff has made only conclusory allegations that, even if accepted as true, do not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949. Plaintiff's naked assertions, devoid of further factual enhancement, do not suffice. *Id.*

### 2.    *Retaliation Claim*

Plaintiff also asserts that after he made an "investigative phone call to legal owner of property" his I.S.P. has been transferred back to Boulder County because "the probation office felt threatened by plaintiff exercising his legal right to be treated fairly as a disabled patron . . . ." (Compl. at 5, 11.) To the extent Plaintiff is asserting a claim that the defendants retaliated against him on the basis of his alleged disability, the ADA regulations provide that no public entity "shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part." 28 C.F.R. § 35.134(a). To make a claim for retaliation under Title II of the ADA, a plaintiff must show "(1) he engaged in statutorily protected expression, (2) he suffered an

adverse action, and (3) the adverse action was causally related to the protected expression." *Young v. City of Claremore, Okla.*, 411 F. Supp. 2d 1295, 1316 (N.D. Okla. 2005) (citing *Higdon v. Jackson*, 393 F.3d 1211, 1219 (11th Cir. 2004)). Even construing the Complaint in the light most favorable to Plaintiff, the court finds Plaintiff has failed to state a claim for retaliation. He has not shown he was engaged in statutorily protected expression, that he suffered any adverse action, or that any adverse action was causally related to his protected expression. Again, Plaintiff has made only conclusory allegations that, even if accepted as true, do not contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Defendants' "Motion to Dismiss" (Doc. No. 16.) be GRANTED, and that this case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge